IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BRANDON PUGH #165014**                                               **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 5:18-cv-32-DCB-MTP**

**JUSTIN GREEN,** *et al***.**                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for case management purposes. On July 13, 2018, the Court entered an Order [10] directing a Notice of Lawsuit and Request to Waive Service of a Summons be issued for Defendants. In response, counsel for MTC filed a sealed Response [15] identifying Defendant James Smith as a former employee and providing the last known address for Defendant Smith. On July 30, 2018, a Notice and Request for Waiver of Service [18] was issued to Defendant Smith at the address provided in the sealed Response [15]. Defendant Smith did not waive service.

On August 31, 2018, an Order [22] was entered directing the United States Marshal to serve summons on Defendant Smith at the address provided in the sealed Response [15]. The Marshal returned the summons as unexecuted with the notation, "house is vacant." *See* [26]. Without a correct address, the Court is unable to serve process on Defendant Smith. On September 26, 2018, the Court entered an Order [30] directing Plaintiff to provide an address for Defendant Smith by October 17, 2018. Plaintiff did not provide an address. The Court held an omnibus hearing in this matter on April 23, 2019. Defendant Smith did not appear, and Plaintiff did not provide an address for Defendant Smith at the hearing.

Special rules govern procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). 28 U.S.C. § 1915(d) provides that '[t]he officers of the court shall issue and serve all

1

process, and perform all duties in [*in forma pauperis*] cases." *See also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis*...."). Once the *in forma pauperis* plaintiff has identified the defendants "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants...." *Lindsey*, 101 F.3d at 446 (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). "[I]f the failure to properly serve a defendant is due to any fault on the plaintiff, he is not entitled to rely on the U.S. Marshals. Further, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them." *Verrette v. Majors*, 2008 WL 4793197, at *2 (W.D. La Oct. 31, 2008).

Plaintiff has not provided a service address for Defendant Smith and Smith cannot be found at his last known address. Considering the age of the case, Plaintiff's failure to provide an address for service of process for Defendant Smith, and the Court's warnings to Plaintiff that it was his responsibility to prosecute this matter, the undersigned recommends that Defendant Smith be dismissed without prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and

recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 29th day of April, 2019.

                                                    /s/Michael T. Parker
                                                    United States Magistrate Judge