IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRANDON PUGH #165014                                           PLAINTIFF

V.                             CAUSE ACTION NO. 5:18-CV-32-DCB-MTP

JUSTIN GREEN, et al.                                        DEFENDANTS

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Before the Court is the Suggestion of Death [Doc. 25] as to Defendant Charence Dorsey; United States Magistrate Judge Michael T. Parker's Report and Recommendation [Doc. 41] to dismiss Defendant Dorsey from the action; and Magistrate Judge Parker's Report and Recommendation [Doc. 43] to dismiss Defendant Smith from the action.

After careful consideration of the proposed findings and recommendations, the Court determines that the Reports and Recommendations [Doc. 41 and 43] are correct and should be ADOPTED.

**a. Report and Recommendation, Doc. 41**

In his Report and Recommendation [Doc. 41], Magistrate Judge Parker recommends that Defendant Dorsey be dismissed from the action pursuant to Federal Rule of Civil Procedure 25(a)(1). Rule 25(a)(1) provides,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A

> motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Defense counsel in this matter filed the Suggestion of Death [Doc. 25] on September 10, 2018 and represented that based upon information obtained from Wilkinson County Correctional Facility and The Advocate newspaper, Defendant Dorsey died on March 19, 2018. The plaintiff has not made a motion for substitution, and 90 days have passed since September 10, 2018.

The plaintiff also indicated at the April 23, 2019 omnibus hearing that he did not intend to proceed with his claims against Defendant Dorsey. Doc. 41, p. 1. Defense counsel represented again at the omnibus hearing that Defendant Dorsey is deceased. Id. The plaintiff has not filed an objection to Magistrate Judge Parker's Report and Recommendation, which was entered on April 24, 2019. Therefore, the Court will adopt Magistrate Judge Parker's Report and Recommendation [Doc. 41] as its own findings and conclusions.

**b. Report and Recommendation, Doc. 43**

On July 13, 2018, the Court entered an Order [Doc. 10] directing that a Notice of Lawsuit and Request to Waive Service of a Summons be issued for the defendants. Counsel for Management Training Corporation ("MTC") filed a sealed Response [Doc. 15],

2

identifying defendant James Smith ("Smith") as a former employee and providing his last known address. On July 30, 2018, a Notice and Request for Waiver of Service [Doc. 18] was issued to Smith at the address provided in the sealed Response [Doc. 15]. Smith did not waive service.

On August 31, 2018, an Order [Doc. 22] was entered directing the United States Marshal to serve summons on Smith at the address provided in the sealed Response [Doc. 15]. The Marshal returned the summons as unexecuted with the notation, "house is vacant." See Doc. 26. Without a correct address, the Court is unable to serve process on Smith. Doc. 43, p. 1.

On September 26, 2018, the Court entered an Order [Doc. 30], directing the plaintiff to provide an address for Smith by October 17, 2018. The plaintiff did not provide an address. The Court held an omnibus hearing on April 23, 2019. Doc. 43, p. 1. Smith did not appear, and the plaintiff did not provide an address for Smith at the hearing. Id.

Special rules govern procedure for service of process in cases filed by plaintiffs proceeding in forma pauperis. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996). 28 U.S.C. § 1915(d) states that "'[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases." Id. See Fed. R. Civ. P. 4(c)(3) ("At the

3

plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). Once the in forma pauperis plaintiff has taken reasonable steps to identify the defendants, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." Lindsey, 101 F.3d at 446 (emphasis and internal citation omitted).

It is well-settled in the Fifth Circuit that an incarcerated plaintiff proceeding in forma pauperis "is entitled to rely upon the United States Marshals for sufficient service and should not be penalized for failure of a Deputy Marshal to properly effect service of process." Verrette v. Majors, 2008 WL 4793197, at *2 (W.D. La Oct. 31, 2008)(citing Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)). If, however, "the failure to properly serve a defendant is due to any fault on the plaintiff, he is not entitled to rely on the U.S. Marshals." Verrette, 2008 WL 4793197, at *2 (W.D. La Oct. 31, 2008). If the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them. Id.

Magistrate Judge Parker finds that

> Plaintiff has not provided a service address for Defendant Smith and Smith cannot be found at his last address. Considering the age of the case, Plaintiff's

> failure to provide an address for service of process for Defendant Smith, and the Court's warnings to Plaintiff that it was his responsibility to prosecute this matter, the undersigned recommends that Defendant Smith be dismissed without prejudice.

Doc. 43, p. 2. The Court agrees. Therefore, the Court will adopt Magistrate Judge Parker's Report and Recommendation [Doc. 43] as its own findings and conclusions.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Reports and Recommendations, [Doc. 41 and 43], are ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Defendant Dorsey is dismissed from this action.

IT IS FURTHER ORDERED that Defendant Smith is dismissed from this action.

SO ORDERED this the 5th day of June, 2019.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE