UNITED STATES DISTRIC COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

BRANDON PUGH                                                      PLAINTIFF

v.                                          CAUSE NO. 5:18-cv-32-DCB-MTP

CAPTAIN JUSTIN GREEN, et al.                                     DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Captain Justin Green ("Green") and Chantel Wood ("Wood")'s Motion for Summary Judgment [ECF No. 50], Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 53], and Plaintiff Brandon Pugh ("Pugh")'s objection to the Report and Recommendation [ECF No. 54]. Magistrate Judge Parker recommends that the Defendants' Motion for Summary Judgment [ECF No. 50] be GRANTED and that this action be DISMISSED with prejudice. Having reviewed the same and having read the Plaintiff's objection to Magistrate Judge Parker's recommendation, the Court finds the Report and Recommendation well taken.

Plaintiff Pugh filed a pro se civil action pursuant to 42 U.S.C. § 1983, claiming the violation of his constitutional rights during his incarceration at Wilkinson County Correctional Facility ("WCCF"). Plaintiff alleges that Captain Green and Officer Wood denied him access to medical care for his hidradenitis skin condition on multiple occasions over an approximate two-month period from November 2017 to January 2018.

1

Plaintiff also alleges that these Defendants refused to give him food trays on several occasions during the last two weeks of November 2017.

**Denial of Medical Care**

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." Davidson v. Texas Dep't of Criminal Justice, 91 Fed.App'x 963, 964 (5th Cir. 2004). "The mere delay of medical care can… constitute an Eight Amendment violation but only if there has been deliberate indifference [that] results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." Thompson v. Upshur County, 245 F.3d 447, 458–59 (5th Cir. 2001). There is not a constitutional violation if a prison

official acted negligently. Daniels v. Williams, 474 U.S. 327, 333-34 (1986). A prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." Norton v. Dimazana, 122 F 3d 286, 292 (5th Cir. 2001).

In his objection to the Report and Recommendation, the Plaintiff lists ten dates in which he claims he was not transported to medical. See [ECF No. 54]. The Court will discuss the dates Plaintiff references in his objection:

> November 10, 2017 – Plaintiff was not transported to Medical, but his appointment was rescheduled, and he went to Medical on November 11, 2017. [ECF No 50-2] at 220.

> November 27, 2017 – Plaintiff was not transported to Medical, but his appointment was rescheduled, and he went to Medical on November 28, 2017. Id. at 226.

> December 20, 2017 – Plaintiff was not transported to Medical, but his appointment was rescheduled, and he went to Medical on December 21, 2017. Id. at 251.

> December 29, 2017 – Plaintiff was not transported to Medical, but his appointment was rescheduled to December 30th. He was not transported to Medical on the 30th and his appointment was rescheduled to January 16, 2018. Id. at 266 & 274. However, during that time, the Plaintiff went to an off-site physician with Merit Health Central. Doctor Russell Rooks treated the Plaintiff on January 5, 2018. Id. at 273. The Doctor recommended that the patient needed his scalp abscess excised. Id. Plaintiff went to Medical on the 5th as a follow up from his off-site appointment.

3

> January 19, 2018 – Plaintiff was not transported to
> Medical and his appointment was rescheduled to the 20th,
> 21st, 22nd, and 24th. Id. at pp 278, 279, 280, 281, & 284.
> Each time, Plaintiff was not transported to Medical and
> his appointment was rescheduled. Plaintiff went to
> Medical on January 26, 2018. While Plaintiff was
> frequently rescheduled during this week, it is important
> to note that the Plaintiff saw the Doctor within a week
> of the intended date of his originally scheduled
> appointment.

It is apparent from a review of the aforementioned dates that the Plaintiff has had frequent medical treatment, on and off site, and that there have been no delays significant enough to rise to the level of a constitutional violation.

In his objection, the Plaintiff specifically describes November 21, 2017, a date in which the Plaintiff had an appointment with Doctor Burke regarding issues with his scalp. See [ECF No. 54]. Defendant Green did not take the Plaintiff to his appointment because he was "on the pod being disruptive." [ECF No 50-2] at 225. Defendant Green contacted the doctor, who informed him that the Plaintiff's appointment was not an emergency and could be rescheduled. Id. The appointment was rescheduled for the next week, and Plaintiff went to Medical on the twenty eighth. Id. at 227. However, in his objection, the Plaintiff states that Defendant Captain Green used his "power to make as if Plaintiff was disruptive." See [ECF No. 54].

Nevertheless, whether the Plaintiff was or was not disruptive, this dispute is immaterial because the Plaintiff has

4

not shown the delay in attending his appointment rose to the level of deliberate indifference to a serious medical need. Doctor Burke saw the Plaintiff for his scalp complaints on November 28, 2019, a mere week after Plaintiff was denied his appointment for being disruptive. See Perry v. Crockett, 2010 WL 1427634 (S.D. Miss. Apr. 9, 2010)(holding that a five-day delay in receiving surgery for a broken wrist did not demonstrate deliberate indifference to a serious medical need). The Doctor made clear that it was not necessary for the Plaintiff to receive immediate attention as there was no emergent medical situation. Additionally, Plaintiff has provided no support for his claim that any delay that he underwent in receiving medical care caused his hidradenitis to worsen. See Campbell v. McMillin, 83 F.Supp.2s 761, 766 (S.D. Miss. 2000)(requiring an expert opinion to establish medical causation in a § 1983 action). Plaintiff testified that he did not have proof that any delay in receiving treatment or surgery caused his condition to worsen. Mot. [50], Ex. A at 20-21.

The Fifth Circuit has stated that "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). In this case, the Plaintiff's medical records show that he has received extensive treatment from the medical staff at WCCF and specialists outside

5

the facility. Plaintiff has failed to show deliberate indifference by the Defendants.

**Denial of Meals**

"The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Berry v. Brady, 192, F.3d 504, 507 (5th Cir. 1999)(quoting Talib v. Gilley, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)). Whether the deprivation of food constitutes cruel and unusual behavior depends on the amount and duration of the deprivation. Id.

In his Report and Recommendation, Magistrate Judge Parker found:

> "Even taking Plaintiff's allegations as true, that he was occasionally denied meals for a two-week period, he has not established an Eighth Amendment claim. The uncontested record demonstrates that Plaintiff did not lose weight during this time period; rather, he gained weight. Missing an occasional meal does not rise to the level of a constitutional violation. Plaintiff was not denied the "minimal civilized measures of life necessities." Berry, 192 F.3d at 707 (quotation and citation omitted). Defendants, therefore, are also entitled to summary judgment on Plaintiff's claim that he was denied food." [ECF No. 53] at pp. 7–8.

Plaintiff's medical records show that the he weighed 141 pounds on May 19, 2017. Mot. [50], Ex. B at 161. On September 1, 2017, Plaintiff weighed 144 pounds. Id. at 201. On November 28, 2017, Plaintiff weighed 145 pounds. Id. at 277. On January

6

31, 2018, Plaintiff weighed 154 pounds. Id. at 287. On February 5, 2018, Plaintiff weighed 158 pounds. Id. at 304. These records show that Plaintiff steadily gained weight over the course of almost a year and during the time Plaintiff claims Defendants occasionally denied him food.

Plaintiff objects to Magistrate Judge Parker's Report and Recommendation and re-asserts the issue of his weight fluctuation. Pugh states that he received "canteen" and a Holiday Package from his family between the month of November and December. See [ECF No. 54]. He also states that he spent four days housed in Medical between December 20 and January 1, 2018, and that he spent seven days in Medical between January 20 and February 5, 2018. Id. Plaintiff states that he gained weight while in Medical. Id.

Gaining weight subsequent to being allegedly denied food is not indicative of a prior harm. As shown in his medical records, Plaintiff's weight remained consistent during the time frame in which he was allegedly denied meals. That information is more relevant than any subsequent weight gain. Plaintiff may be arguing that his weight remained consistent because of external forces, i.e. food from a care package and time spent in Medical. However, should that be the case, his claim still does not rise to the level of a constitutional violation.

7

Plaintiff's objection to the Report and Recommendation does not raise any new issues or dispute any facts material to Magistrate Judge Parker's conclusions.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Court ADOPTS Magistrate Judge Parker's Report and Recommendation as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the action is dismissed with prejudice.

A final judgment dismissing the action will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 27th day of February, 2020.

__/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE